UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

12/8/05

UNITED STATES OF AMERICA,

- against -

LUIS VALENTIN,

Defendant.

S1 04 Cr. 997 (RWS)

SENTENCING OPINION

------------------------------------X

**Sweet, D.J.,**

Defendant Luis Valentin ("Valentin") has pleaded guilty to possession of a controlled substance in violation of 21 U.S.C. § 844, a Class A Misdemeanor. For the reasons set forth below, Valentin is sentenced to five months imprisonment and a term of one year of supervised release. In addition, Valentin shall be required to pay a fine of $1000.

**Prior Proceedings**

Valentin was arrested by authorities on June 21, 2004. On that same date he was released on a $100,000 personal recognizance bond. On March 29, 2005, an information was filed in the Southern District of New York charging Valentin with possessing approximately three grams of crack cocaine in the vicinity of East 174th Street and Hoe Avenue in the Bronx on June 16, 2003, a violation of 21 U.S.C. § 844. On March 29, 2005,

1

Valentin appeared before the Honorable Gabriel W. Gorenstein in the Southern District of New York and allocuted to the above charge without the benefit of a plea agreement. Valentin is scheduled to be sentenced on December 8, 2005.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") establishing by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the

2

most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.

**The Defendant**

Valentin was reportedly born on December 18, 1981, in Ponce, Puerto Rico. The defendant reportedly moved from Puerto Rico to New York at age four, with his parents. His parents terminated their relationship when Valentin was approximately eight years old. Valentin remained in his mother's household and had regular contact with his father. The defendant described his childhood as good. He enjoyed attending school and playing the

3

trumpet and drums.

Valentin has never been married. He had been in a consensual relationship with Shamina Bermudez from 2002 until May 2005. He indicated that they were having communication problems. This relationship produced one child. Kimberly Valentin, age 2, resides with her mother. Bermudez is reportedly not allowing the defendant visitation with his daughter. Bermudez described her relationship with Valentin as emotionally and physically abusive. She indicated that she and the defendant have had relationship problems since 2004, and that she has an active order of protection against him at this time. It was reportedly issued in August 2004.

The defendant reportedly lives in the Bronx with his mother and siblings. The defendant has always lived with his family.

Valentin indicated that he had problems controlling his temper as a child. He usually ended up throwing items in the home. He recalled that this concerned his mother. The defendant said that after getting angry, he told his mother that he was having suicidal thoughts, and his mother had him committed at Four Winds Westchester, a mental-health facility located at 800 Cross River Road in Katonah, NY. Valentin reportedly remained in the facility for one month and was treated with psychotropic

4

medication. He returned to his mother's home with prescription medication, but his mother reportedly had him stop taking the medication as it made him lethargic and she was afraid for him to be in the street in that condition. The defendant stated that after his release from Four Winds and after he stopped taking the medication, he no longer felt as angry.

Valentin stated that he has been using marijuana since the age of 14. He reportedly first tried it with some friends and used it about twice a week, but after about a year his use increased to daily. The defendant admitted that he continues to smoke it; he reportedly last smoked it on May 9, 2005. A urinalysis taken on May 10, 2005, showed positive results for marijuana. The defendant indicated that he feels that his marijuana use has never caused him problems and that he can stop at any time. He has never attended a drug treatment program. Valentin reportedly does not drink alcohol and has not used any other illicit substance.

Valentin completed the 9th grade at Morris High School located at 1100 Boston Road in the Bronx. The school verified that he attended from September 4, 1996 through June 1, 1998. His cumulative average while attending this school was 23.5 percent. The defendant was reportedly scheduled to attend a GED and job-ready program at Fordham University beginning in September 2005.

5

Valentin is currently unemployed and is reportedly supported by his mother. The defendant worked in construction at his father's company, Todino Construction, located in the Bronx from 2002 until May 2005, when the business closed. Valentin stated that he worked about 50 hours a week and earned $1,500 a week. This employment was off-the-books.

Valentin reported that he worked at Ferrera Bakery located at 213 Grand Street from September 11, 2003, until February 14, 2004. He worked customer service and earned $300 a week. This employment was reportedly off-the-books.

**The Offense Conduct**

On June 16, 2003, near 174th Street and Hoe Avenue in the Bronx, a plainclothes New York City Police Department police officer observed Valentin place a small plastic bag that contained a white rock-like substance into his pocket. The officer approached Valentin and asked him if he had anything in his pocket, and Valentin removed the bag from his pocket. In the bag, the officers observed two vials, ten blue bags, six red bags, and 31 clear bags containing crack. Valentin was arrested immediately.

A subsequent laboratory test indicated that the bags and vials recovered from Valentin contained approximately three

grams of crack.

**Relevant Statutory Provisions**

The maximum term of imprisonment that may be imposed for the sole Count is one year. See 21 U.S.C. § 844.

If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than one year. See 21 U.S.C. § 844.

The defendant is eligible for up to five years' probation. See 21 U.S.C. § 3561(c)(2).

The minimum fine that may be imposed is $1000. See 21 U.S.C. § 844. The maximum fine that may be imposed is $100,000. See id. A special assessment of $25 per count is mandatory. See 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2004 edition of the United States Sentencing Commission Guidelines Manual ("the Guidelines") has been used in this case for calculation purposes, in accordance with Guidelines § 1B1.11(b)(1).

7

The guideline for a violation of 21 U.S.C. § 844 is found in U.S.S.G. § 2D2.1. The defendant's criminal activity involved the possession of three grams of crack cocaine. The base offense level for this conduct is eight. See U.S.S.G. §2D2.1(a)(1).

Based upon his plea allocution, Valentin has shown recognition of responsibility for his offense. Therefore, his offense level is reduced by two levels. See § 3E1.1(a). The resulting adjusted offense level is six.

**Criminal History**

Valentin was convicted of attempted criminal sale of a controlled substance in the third degree in Supreme Court, Bronx County, New York on June 24, 1998. On January 19, 2000, Valentin was charged with violating the terms of his probation. On May 7, 2002, he was returned on the warrant issued for this violation, and sentenced to ninety days imprisonment.

Defendant was also found guilty of trespass in Bronx Criminal Court on August 9, 1999.

The criminal convictions above result in a subtotal criminal history score of two. The instant offense was committed less than two years after the defendant's release from custody on

8

July 3, 2002, for the resentence on May 7, 2002. Accordingly, two criminal history points are added pursuant to U.S.S.G. § 4A1.1(e).

The total number of criminal history points is four. According to the sentencing table at Chapter 5, Part A, four criminal history points establish a Criminal History Category of III.

**Sentencing Options**

Based upon a total offense level of six and a Criminal History Category of III, the guideline range for imprisonment is two to eight months.

The guideline range for a term of supervised release is one year. See U.S.S.G. § 5D1.2(a)(3). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required, but is optional. See U.S.S.G. § 5D1.1(b).

Because the applicable guideline range is in Zone B of the Sentencing Table, the defendant is eligible for probation, provided that the Court imposes a condition that substitutes intermittent confinement, community confinement, or home detention for at least two months. See U.S.S.G. § 5B1.1(a)(2).

9

If the Court imposes probation, the term must be at least one year, but not more than five years, because the offense level for the instant offense is six. See U.S.S.G. § 5B1.2(a)(1).

The fine range for the instant offenses is from $1,000 to $5,000. See U.S.S.G. § 5E1.2(c)(3)(A). Subject to the defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release. See § 5E1.2(d)(7).

## The Remaining Factors of Section 3553(a)

Having engaged in the Guideline analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary" as is required in accordance with the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005) and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). In particular, section 3553(a)(1) asks that the sentence imposed consider both "the nature and circumstances of the offense and the history and characteristics of the defendant," while section 3553(a)(2)(A) demands that the penalty "provide just punishment for the offense" that simultaneously "afford[s] adequate deterrence to criminal conduct" as required by § 3553(a)(2)(B). Furthermore,

10

pursuant to § 3553(a)(5)(A), "any pertinent policy statement issued by the Sentencing Commission" also must be considered.[1]

Taking the aforementioned factors into account, it is determined that the imposition of a Guidelines sentence is appropriate in the instant case.

**The Sentence**

In accordance with the above, Valentin is hereby sentenced to five months imprisonment.

Valentin is also hereby sentenced to one year supervised release. Valentin shall report to the nearest Probation Office within 72 hours of release from custody, and supervision will be in the district of his residence.

---

[1] 3553(a)(5) and (6) warrant the imposition of a non-guideline sentence in some cases due to the disparity in sentencing that results from the manner in which the Guidelines treats crack cocaine compared to powder cocaine. See, e.g., United States v. Kaseem Stukes, 03 Crim. 601 (RWS), 2005 U.S. Dist. LEXIS 23394, at *4-7 (S.D.N.Y. Oct. 12, 2005). Defendant contends that such a disparity arises in the instant case. Specifically, Valentin contends that if he had pled guilty to possession of powder cocaine, his base offense level would have been six, and his total offense level four. The sentencing range for an offense level of four is zero to six months. Because, under the totality of the circumstances, the Court finds five months to be the appropriate sentence here -- a sentence within the guideline range for an offense level of four as well -- it is determined that in the present case, the Guidelines do not result in a disparity between crack and powder cocaine.

11

As mandatory conditions of supervised release, Valentin shall (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) refrain from any unlawful use of a controlled substance.

The standard conditions of supervision are imposed in addition to the following special conditions: (1) the defendant shall participate in a program approved by the United States Probation Office, which program may include drug testing to determine whether the defendant has reverted to using drugs or alcohol, for which the defendant may be required to contribute to the costs of in an amount determined by the probation officer, based on his ability to pay; and (2) the defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of release may be found, which search must be conducted within a reasonable time and in a reasonable manner.

Valentin shall also pay to the United States a special assessment in the amount of $25, which shall be due immediately. In addition, Valentin shall pay a fine of $1,000.

It is so ordered.

**New York, NY**
**December** 8 , 2005

ROBERT W. SWEET
U.S.D.J.